UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TOMMY ALLEN O'NEAL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-105 |
| | § | |
| JACK E HUNTER, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION
### TO DISMISS CASE

Plaintiff Tommy Allen O'Neal is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.

For purposes of screening and the reasons set forth below, the undersigned recommends that: (1) Defendant Deeanne Galvan be **DISMISSED** from this action; (2) Plaintiff's claims against Defendants Jack E. Hunter and Gerald Rogen be **DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and (3) the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## I.     JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently assigned to the Hodge/Skyview Unit in Rusk, Texas.  On May 16, 2003, Plaintiff was convicted in Nueces County of several charges of aggravated assault, aggravated sexual assault of a child, and burglary with intent to commit sexual assault.

In his original complaint, Plaintiff names the following Defendants: (1) Judge Jack E. Hunter from the 99th District Court of Nueces County, Texas; (2) court-appointed attorney Gerald Rogen; and (2) Judge Deeanne Galvan. (D.E. 1, p. 3). Plaintiff claims that Judge Hunter violated his constitutional rights by being a racist and siding with the victims when he found Plaintiff guilty in his Nueces County criminal proceeding. (D.E. 1, p. 4; D.E. 6, p. 1). Plaintiff claims that his court-appointed attorney, Mr. Rogen, violated his constitutional rights by providing him with ineffective assistance of counsel. (D.E. 1, p. 4; D.E. 6, pp. 1-2).  Plaintiff seeks monetary relief as well as the disbarment of Mr. Rogen. (D.E. 1, p. 4).

On May 11, 2020, the undersigned ordered Plaintiff to file a More Definite Statement of the facts involved in this action.  (D.E. 7).  The undersigned specifically

instructed Plaintiff to provide additional information to assist the Court in evaluating his claims.  (D.E. 7, p. 3).

On May 22, 2020, Plaintiff filed his More Definite Statement.  (D.E. 11).  Plaintiff clarified in his More Definite Statement that he does not intend to sue Judge Galvan. (D.E. 11, p. 1).  Accordingly, the undersigned respectfully recommends that Defendant Galvan be dismissed from this action.

Plaintiff confirmed that he was convicted of several charges in Nueces County by Judge Hunter and that his state habeas petition attacking his convictions was denied. (D.E. 11, pp. 2-3). Plaintiff reiterated his claims against Judge Hunter and Mr. Rogen. (D.E. 11, pp. 1-4).  Plaintiff seeks monetary relief as well as the dismissal of all charges brought against him in Nueces County.  (D.E. 11, p. 4).  In a Motion to Amend More Definite Statement,[2] Plaintiff stated that he seeks a jury trial in this case.  (D.E. 12).

III.   **LEGAL STANDARD**

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v.*

---

[2] In a separate order, the undersigned granted Plaintiff's Motion to Amend More Definite Statement.

*Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).  A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendants are liable.  *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation.  *Twombly*, 550 U.S. at 555.  As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed.  *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

## IV.    DISCUSSION

Plaintiff's claims against Defendants Hunter and Rogen are subject to dismissal

pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness
> would render a conviction or sentence invalid, a § 1983 plaintiff must prove
> that the conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state tribunal authorized
> to make such determination, or called into question by a federal court's
> issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.  The *Heck* rule also applies where a plaintiff seeks injunctive or declaratory

relief, which, if granted, would necessarily imply that a conviction is invalid.  *See Mann*

*v. Denton County, Texas*, 364 F. App'x 881, 883 (5th Cir. 2010); *Reger v. Walker*, 312 F.

App'x 624, 625 (5th Cir. 2009).

Any ruling in Plaintiff's favor on his claims challenging the actions of Defendants

Hunter and Rogen would necessarily imply the invalidity of his 2003 Nueces County

convictions.  *Heck*, 512 U.S. at 487.  Since no court has reversed or otherwise invalidated

Plaintiff's convictions, Plaintiff's claims seeking monetary relief are barred by *Heck*.[3]

*See Heck*, 512 U.S. at 487.

---

[3] Moreover, as the judge in Plaintiff's Nueces County criminal proceeding, Defendant Hunter is immune from
Plaintiff's suit for damages under the doctrine of judicial immunity.  *See Mireles v. Waco*, 402 U.S. 9, 9-10 (1991);
*Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009).  Plaintiff likewise may not bring § 1983 claims
against Defendant Rogen who, as a court-appointed attorney, is not considered a "state actor" subject to being sued
under § 1983. *See Duke v. Nelms*, No. 3:20-CV-665, 2020 WL 1977451, at *1 (N.D. Tex. Apr. 3, 2020) (citing *Polk
County v. Dodson*, 454 U.S. 312, 324-25 (1981)).

Furthermore. in his More Definite Statement, Plaintiff seeks the dismissal of all charges brought against him in Nueces County.  (D.E. 12). Plaintiff, however, cannot challenge the legality of his confinement or seek his immediate release from confinement in a § 1983 action.  *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998).  Such claims may only be raised in a petition for federal habeas corpus relief filed pursuant to 28 U.S.C. § 2254.[4]  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

In sum, because Plaintiff's § 1983 claims against Defendants Hunter and Rogen are barred by *Heck* as premature, it is respectfully recommended that same be dismissed with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.[5]

## V.   CONCLUSION

For the reasons stated above, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), it is respectfully recommended that: (1) Defendant Galvan be **DISMISSED** from this action; and (2) Plaintiff's § 1983 claims against Defendants Hunter and Rogen be **DISMISSED** with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.  It is respectfully recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be

---

[4] Plaintiff indicates that he has filed a "28 U.S.C. [§] 2254" petition in Nueces County as opposed to this Court. (D.E. 12).

[5] The Fifth Circuit has held that *Heck*-barred claims must be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

**INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List

for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted this 1st day of June 2020.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).