United States District Court
Southern District of Texas
**ENTERED**
September 11, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TOMMY ALLEN O'NEAL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-105 |
| | § | |
| JACK E HUNTER, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING
### MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff Tommy Allen O'Neal's complaint, as supplemented, alleging violations of his civil rights under 42 U.S.C. § 1983. D.E. 1, 11, 12, 13. On June 1, 2020, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 15), recommending that Plaintiff's action be dismissed and that the dismissal count as a strike under the three strikes rule. 28 U.S.C. § 1915(g). Plaintiff timely filed two motions, construed as objections on June 8, 2020. D.E. 16, 17, 22.

Plaintiff's first objection claims that his Sixth and Eighth Amendment rights were violated when he was convicted on false accusations or hearsay. He seeks reversal of his conviction and $25 million in damages. D.E. 16. As explained in the M&R, reversal of a conviction is not a remedy available in a § 1983 case. D.E. 15, p. 6. And damages for a wrongful conviction are not available unless and until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id*., p. 5.

Plaintiff has offered no facts, legal authority, or analysis to call these conclusions into doubt. His first objection is OVERRULED.

Plaintiff's second objection repeats the allegations of his first objection with additional complaints regarding the nature of the evidence on which he was convicted, mentions ineffective assistance of counsel, and questions judicial immunity. D.E. 17. The M&R properly addressed these claims, including the law that establishes that court-appointed counsel are not state actors acting under color of law subject to a § 1983 claim and state judges have immunity for their actions on the bench. D.E. 15, p. 5 n.3. Plaintiff has offered no facts, authorities, or legal analysis that calls these conclusions into question. Plaintiff's second objection is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's claims against Defendant Deanne Galvan are **DISMISSED** pursuant to Plaintiff's request and his claims against Jack Hunter and Gerald Rogen are **DISMISSED** as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). This dismissal shall count as a "strike" for purposes of 28 U.S.C. § 1915(g), and the Clerk of

Court is **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

ORDERED this 11th day of September, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE